# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| TROY M. WILLIAMS, ) | |
| ) | |
| Movant, ) | |
| v. ) | Civil Action No. 2:10-cv-01326 |
| ) | (Criminal No. 2:02-0110) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on November 18, 2010.[1] (Document Nos. 214 and 219.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 216.)

## FACTUAL AND PROCEDURAL BACKGROUND

Following a bench trial held on November 5 - 6, 2002, Movant was convicted of one count of conspiracy to knowingly and intentionally distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of aiding and abetting the knowing and intentional distribution of a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Criminal Action No. 2:02-0185, Document No. 52.) Movant was sentenced on February 3, 2003. (Id., Document No. 65.) The District Court ordered that Movant serve a 210-month term of incarceration to be followed by a three-year term of supervised release. (Id.) On February 10, 2003, Movant filed a Notice of

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Appeal. (Id., Document No. 68.) In his appeal, Movant argued that the District Court erred in classifying him as a career offender under U.S.S.G. § 4B1.1.[2] The Fourth Circuit Court of Appeals affirmed Movant's sentence on December 15, 2003. United States v. Williams, 83 Fed.Appx. 514 (4th Cir. 2003). Movant did not file a petition for certiorari in the United States Supreme Court.

On December 10, 2004, Movant filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. (Criminal Action No. 2:02-0110, Document Nos. 92 and 93.) The United States filed its Response on May 19, 2005. (Id., Document No. 104.) By Proposed Findings and Recommendation entered on December 6, 2005, United States Magistrate Judge Mary E. Stanley recommended that Movant's Section 2255 Motion be denied. (Id., Document No. 110.) By Memorandum Opinion and Order entered on January 6, 2006, United States District Judge Joseph R. Goodwin adopted Judge Stanley's recommended and denied Movant's Section 2255 Motion. (Id., Document Nos. 116 and 117.) Movant filed a Notice of Appeal on January 25, 2006. (Id., Document No. 119.) On August 29, 2006, the Fourth Circuit dismissed Movant's appeal. United States v. Williams, 196 Fed.Appx. 159 (4th Cir. 2006).

On February 8, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offenses under 18 U.S.C. § 3582. (Id., Document No. 146.) By Order entered on July 14, 2008, the District Court denied Movant's Motion. (Id., Document No. 151.) On August 11, 2008, Movant filed a Notice of Appeal. (Id., Document No. 155.) On February 24, 2009, the Fourth Circuit affirmed the decision of the District Court denying Movant's Section

---

[2] Specifically, Movant argued that the "application of the commentary to U.S.S.G. § 4A1.2 to offenses committed before its November 1991 effective date would violate the Ex Post Facto Clause." Movant argued that his prior convictions used to determine his career offender status were offenses committed in 1989, prior to the adoption of the commentary. The Fourth Circuit, however, found no ex post facto violation. *Williams*, 83 Fed.Appx at 515 - 516.

3582 Motion. United States v. Williams, 312 Fed.Appx. 524 (4th Cir. 2009).

On July 29, 2008, the Fourth Circuit denied Movant's motion under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. 2255. (Criminal Action No. 2:02-0110, Document No. 154.)

On April 29, 2009, Movant filed a "Hazel Atlase Action to Vacate Judgment Obtained Through Fraud Upon the Court." (Id., Document No. 176.) By Proposed Findings and Recommendation entered on September 22, 2009, United States Magistrate Judge Mary E. Stanley recommended that Movant's Motion be construed as a Section 2255 Motion and be dismissed as successive. (Id., Document No. 185.) By Order entered on November 12, 2009, United States District Judge Joseph R. Goodwin adopted Magistrate Judge Stanley's recommendation and dismissed Movant's Section 2255 Motion. (Id., Document Nos. 190 - 1991.) Movant filed a Notice of Appeal on November 30, 2009. (Id., Document No. 192.) On May 25, 2010, the Fourth Circuit dismissed Movant's appeal. United States v. Williams, 379 Fed.Appx. 303 (4th Cir. 2010).

On July 6, 2010, Movant filed a "Motion for Relief Under Title 18 U.S.C. § 3582 § 4A.1.2(c)(1)(2)."[3] (Criminal Action No. 2:02-0110, Document No. 205.) Movant contends that he may be entitled to a reduced sentence based upon Amendment 709, which "addresses the use of misdemeanor and petty offenses in determining a defendant's criminal history score." (Id., p. 1.) Movant explains that "I was sentenced to a Level 32, Category 6: (210 Months), now that we have Amendment 709 – that 1 point that was added to my criminal history score, can be removed and I will have a chance to receive a more JUST SENTENCE. At a Level 31, Category 6 - - will put

---

[3] By separate Proposed Findings and Recommendation entered this day, the undersigned as recommended that Movant's Section 3582 Motion be denied.

petitioner at 188 months." (Id., pp. 2 - 3.)

On November 18, 2010, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. (Id., Document No. 214.) As grounds for *habeas* relief, Movant argues that "due to ineffective assistance of both trial and appellant counsel, and the abuse of discretion by the Magistrate Judge, Bench Trial Judge, this suppression of evidence motion not being filed has done 'extreme damage,' the outcome of the trial would have been different." (Id.) Movant, therefore, contends that his conviction is unconstitutional. (Id.) As Exhibits, Movant attaches the following: (1) A copy of page 4 of the Grand Jury Transcripts (Id., p. 14.); and (2) A copy of his *pro se* "Motion to Dismiss Count II for Failure to Observe Proper Police Procedures" (Id., pp. 15 - 17.).

On December 20, 2010, Movant filed "Part-Two of the Motions to be Submitted Before the Honorable Judge R. Clarke VanDervort." (Document No. 219.) In Part-Two of his Section 2255 Motion, Movant argues the following grounds for *habeas* relief:

(1) Ineffective Assistance of Counsel on both trial and direct appeal;

(2) Extreme abuse of discretion by bench trial Judge and Magistrate;

(3) Prosecutor committed acts of intentional misconduct, by standing silent and allowing any of defendant's rights to be abuse, he or she is 'cloaked with law,' has an added responsibility in their search for the truth;

(4) The Court of Appeals for the Fourth Circuit Judge's are doctors and are skilled in detecting errors in law, but in this case intentionally choose not to protect the defendant.

(Id.) As Exhibits, Movant attached the following: (1) A copy of a newspaper article from The Wall Street Journal entitled "U.S. Judge Removed by Senate" (Id., p. 13.); and (2) A copy of a newspaper article from the "St. Louis Post Dispatch" entitled "Broken beyond repair Capital Punishment" (Id., p. 14.)

4

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which

could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Movant appears to contend that his Motion falls under the category of newly discovered evidence. (Document No. 219, pp. 8 - 9.) Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he

6

has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document Nos. 214 and 219.), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*.

Date: June 19, 2013.

R. Clarke VanDervort
United States Magistrate Judge